865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CLARK, Plaintiff-Appellant,
v.
Jerry SHERMAN; Department of Corrections, Defendants-Appellees.
 No. 88-1687.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Clark appeals from the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 for failure to state a claim. Clark claimed that his constitutional rights were violated when he was convicted of a major misconduct violation under a rule which had not been properly promulgated pursuant to the Michigan Administrative Procedure Act. The defendants are a hearing officer with the Michigan Department of Corrections, and the Michigan Department of Corrections. Clark requested monetary and injunctive relief.
 
 
 3
 The district court dismissed the complaint for failure to state a claim under 42 U.S.C. Sec. 1983 because there was no federal question or constitutional issue involved. The court also decided that Clark's procedural due process rights regarding his major misconduct hearing were not violated. Clark raises the same claim on appeal.
 
 
 4
 Upon consideration, we affirm the district court's dismissal of the complaint because Turner failed to state a claim upon which relief could be granted. Clark did not state a cause of action and he is not entitled to relief because no federal questions or constitutional issues are involved in his complaint. See Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985) ("[A] federal court should not rule upon the validity of a state regulation challenged on the sole ground that it was not properly adopted under state law by the state administrative agency. No federal question or constitutional issue is involved in such a challenge.")
 
 
 5
 Furthermore, the attachments to Clark's complaint show that his right to procedural due process regarding his major misconduct hearing was not violated. He was given advance written notice of the charges, and the fact-finder completed a written statement detailing the evidence and reasons for disciplinary action. That statement noted that Clark did not request witnesses. Thus, procedural due process was satisfied. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.